Joseph F. Jennings (SBN 145920)
joe.jennings@knobbe.com
Alan G. Laquer (SBN 259257)
alan.laquer@knobbe.com
Jonathan A. Menkes (SBN 279677)
jonathan.menkes@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff
**GHOST MANAGEMENT GROUP, LLC d/b/a WEEDMAPS**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GHOST MANAGEMENT GROUP, LLC d/b/a WEEDMAPS, a Delaware limited liability company,<br><br>        Plaintiff,<br><br>    v.<br><br>CC SOFTWARE, LLC, d/b/a CONFIDENT CANNABIS, a Delaware limited liability company,<br><br>Defendant. | Civil Action No.  5:17-cv-5898<br><br>**COMPLAINT FOR TRADE SECRET MISAPPROPRIATION, COPYRIGHT INFRINGEMENT, CIRCUMVENTION OF COPYRIGHT PROTECTION SYSTEMS, COMPUTER FRAUD AND ABUSE, UNAUTHORIZED COMPUTER ACCESS, TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, FALSE ADVERTISING, BREACH OF CONTRACT, INDUCED BREACH OF CONTRACT, INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS, AND UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Ghost Management Group, LLC d/b/a Weedmaps ("Plaintiff" or "Weedmaps") hereby complains of Defendant CC Software, LLC d/b/a Confident Cannabis ("Defendant" or "Confident Cannabis"), and alleges as follows:

## I.    JURISDICTION AND VENUE

1.    This is an action for (1) trade secret misappropriation under 18 U.S.C. § 1831 *et seq.* as amended by the Defense of Trade Secrets Act of 2016, (2) trade secret misappropriation under Cal. Civ. Code § 3426, (3) copyright infringement under 17 U.S.C. § 501, (4) circumvention of copyright protection systems under 17 U.S.C. § 1201, (5) computer fraud and abuse under § 18 U.S.C. § 1030, (6) California unauthorized computer access under Cal. Penal Code § 502, (7) trademark infringement and false designation of origin under 15 U.S.C. § 1125(a), (8) trademark infringement under 15 U.S.C. § 1114, (9) California false advertising under Cal. Business and Professional Code § 17500, (10) California breach of contract, (11) California induced breach of contract, (12) California intentional interference with contractual relations, (13) California common-law unfair competition, and (14) California statutory unfair competition under Cal. Business and Professional Code § 17200.

2.    The Court has original subject matter jurisdiction over the claims for federal trade secret misappropriation, copyright infringement, circumvention of copyright protection systems, computer fraud and abuse, trademark infringement, and false designation of origin pursuant to 15 U.S.C. §§ 1116 and 1121(a), and 28 U.S.C. §§ 1331 and 1338, as these claims arise under the laws of the United States.  The Court has supplemental jurisdiction over the claims in this Complaint which arise under state statutory and common law pursuant to 28 U.S.C. §§ 1338(b) and 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3.    This Court has personal jurisdiction over Defendant Confident Cannabis because it has a continuous, systematic, and substantial presence within this Judicial District and within California.  Defendant is headquartered in this Judicial District and has committed acts of trade secret misappropriation, copyright infringement, circumvention of copyright

protection systems, computer fraud and abuse, unauthorized computer access, trademark infringement, false designation of origin, false advertising, breach of contract, induced breach of contract, intentional interference with contractual relations, and unfair competition in this Judicial District, including, but not limited to, using Weedmaps's trade secret API keys within this Judicial District, using software that includes Weedmaps's API software copyrights within this Judicial District, using one or more computers within this Judicial District to circumvent Weedmaps's API copyright protection systems, using one or more computers within this Judicial District to fraudulently access Weedmaps's computer systems without authorization, using Weedmaps's trademarks for false advertising and false designation of origin within this Judicial District without authorization, and misrepresenting the nature of its services in this Judicial District as purportedly affiliated with Weedmaps, and Defendant's acts form a substantial part of the events or omissions giving rise to Weedmaps's claims.

4.      Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) at least because Defendant Confident Cannabis resides in this Judicial District and also at least because a substantial portion of the events complained of herein took place in this Judicial District.

## II.      INTRADISTRICT ASSIGNMENT

5.      Intradistrict assignment to any division of the Northern District is proper under Local Rule 3-2(c) and the Court's Assignment Plan as an "Intellectual Property Action."

## III.      THE PARTIES

6.      Weedmaps is a limited liability company organized and existing under the laws of the State of Delaware, having a principal place of business at 41 Discovery, Irvine, California 92618.

7.      Upon information and belief, Defendant Confident Cannabis is a limited liability company organized and existing under the laws of the State of Delaware, having a principal place of business in Palo Alto, California 94306 and a principal contact address at PO Box 61258, Palo Alto, California 94306.

## IV.   **GENERAL ALLEGATIONS**

8.     Weedmaps provides, among other things, the weedmaps.com website and related mobile application, which provide, among other things, marketing services to medical marijuana dispensaries, delivery services, doctors and brands in states and countries which have legalized marijuana (whether for adult-use or medical purposes), educational information for its users, and an online community where medical marijuana users can interact with one another.

9.     Weedmaps provides its users with information regarding legal cannabis industry dispensaries, delivery services, doctors and brands in locations across the United States and internationally where cannabis has been legalized (whether for adult-use or medical purposes), including California, Oregon, Washington, Hawaii, Alaska, Nevada, Montana, Arizona, New Mexico, Colorado, North Dakota, Minnesota, Michigan, Illinois, Texas, Louisiana, Mississippi, Florida, West Virginia, Maryland, Washington D.C., Delaware, Pennsylvania, New York, Massachusetts, Rhode Island, Puerto Rico, Canada, Spain, Switzerland, Germany, Ireland, and Australia.

10.     Weedmaps's services include enabling its medical marijuana laboratory clients to provide their verified lab result information to Weedmaps's computer systems for display on the weedmaps.com website and the Weedmaps mobile applications in graphically informative format.

11.     Upon information and belief, Confident Cannabis provides the confidentcannabis.com website service, which describes itself as providing services to marijuana producers and retailers to "[v]iew and share test results in one beautiful dynamic dashboard," and "[c]ompare product quality, print labels and post results online," and describes itself as providing services for marijuana laboratories as "[t]he only free LIMS [Laboratory Information Management System] for cannabis labs."

12.     From September, 2016 to December, 2016, Weedmaps and Confident Cannabis explored potentially partnering together in order to integrate certain of their respective software services.

13.     On January 4, 2017, Weedmaps informed Confident Cannabis that Weedmaps was not interested in exploring that potential integration of the two companies' services.

**A.      Weedmaps Created and Owns its Software API, API Computer System, API Software Documentation, and API Keys**

14.     Weedmaps created, maintains, and owns the copyrights to a software application programming interface (Software API) that enables its approved laboratory clients to provide lab result information to Weedmaps's computer systems for display on the weedmaps.com website and the Weedmaps mobile applications.  Weedmaps provides its Software API through running software forming that Software API on its Weedmaps API computer system.  Weedmaps's Software API and the Weedmaps API computer system are only functionally accessible using an API key, which controls access to the Software API.

15.     In order to inform its approved laboratory clients how to access its Software API on its API computer system, Weedmaps created, maintains, and owns its API Software Documentation, which is derived from Weedmaps's Software API and describes how to interact with the Weedmaps Software API, provided that the other party also has an API key.

16.     Weedmaps has provided each of its approved laboratory clients with a unique API key and with the API Software Documentation.  Weedmaps grants authorization specifically for that lab alone to use the API key that Weedmaps provides it in order for it to access Weedmaps's Software API on the Weedmaps API computer system.

17.     Weedmaps maintains the secrecy of its API keys and Software API.  For example, Weedmaps only provides a lab with an API key after the lab has agreed to a Lab Testing Agreement with Weedmaps, which requires that the lab keep confidential Weedmaps's confidential information, which includes the API key.  Weedmaps also only provides a lab with an API key after the lab has demonstrated its ability to properly interact with a staging version of Weedmaps's API computer system, which is separate from the production version of Weedmaps's API computer system used for the display of information on the weedmaps.com website and the Weedmaps mobile applications.

/ / /

18.     Weedmaps maintains its API keys on secure computers with user restriction access requiring password authentication.  Weedmaps maintains those secure computers at Weedmaps's headquarters, which is a locked building.

19.     Weedmaps maintains the source code corresponding to its Software API in a secure source code repository that only provides access to users using an account with approved permissions.  Weedmaps limits the number of users with accounts having access to the secure source code repository for the Software API, and most Weedmaps employees do not have access to the Software API source code.  The secure source code repository tracks users who access or modify the Software API source code.

20.     Weedmaps requires each of its employees and contractors to execute and deliver a Confidential Information, Non-Solicitation and Inventions Assignment Agreement prior to commencing employment at Weedmaps, pursuant to which each employee agrees to, among other things, preserve the confidentiality of the confidential information of Weedmaps, which includes API Keys and the Software API.  Further, Weedmaps has a state-of-the-art, wall-to-wall security system for its headquarters and other primary offices, where all employees must use personalized keycards to navigate Weedmaps's various offices (and specific areas within those offices) and all visitors must be logged and in the presence of an authorized Weedmaps employee at all times while on its premises.  In addition to the technological security systems described above, Weedmaps's offices use separate password protected internet network systems, which cannot be accessed without the necessary passwords or authorization.

**B.     Weedmaps Owns the Copyrights in its Software API and Related Client-Side Computer Program**

21.     Weedmaps owns all copyrights in its Software API and its API Software Documentation.  The API Software Documentation includes client-side computer program content that is derived from the server-side Software API and is capable of interacting with the server-side source code in the Software API.  Weedmaps owns Copyright Registration Application Service No. 1-5839330128, titled "Lab API Software," for its Software API and

Copyright Registration Application No. 1-5836090021, titled "Lab API Documentation version 1" (collectively the "Copyright Registrations") for those works.  Attached hereto as **Exhibit 1** is a true and correct copy of the filing receipt and deposit for Copyright Registration Application Service No. 1-5839330128.  Attached hereto as **Exhibit 2** is a true and correct copy of the filing receipt and the deposit for Copyright Registration Application No. 1-5836090021.

      22.     Weedmaps's API Documentation is derived from Weedmaps's Software API protected by the Copyright Registrations.

**C.      Weedmaps Owns Trademarks for its WEEDMAPS and WM Marks**

      23.     Weedmaps owns trademarks for marks that incorporate its famous WEEDMAPS™ Mark, including for use in connection with computer services.  These include the following U.S. Trademark Registrations, collectively referred to as the "WEEDMAPS™ Mark":

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|---|---|---|---|---|
| WEEDMAPS | 4321512 | Promoting the goods and services of others by providing a website featuring coupons, rebates, price-comparison information, product reviews, links to the websites of others, and discount information; On-line cataloging of the goods of others; electronic catalog services featuring herbal products; online services, | 5/5/2011 | 4/16/2013 |

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|---|---|---|---|---|
|  |  | namely, inventory monitoring and management for herbal products. |  |  |
| WEEDMAPS | 4321513 | Computer services, namely, creating an on-line community for users to participate in discussions, get feedback from their peers, form virtual communities, and engage in social networking in the field of medical cannabis. | 5/5/2011 | 4/16/2013 |
| WEEDMAPS | 5044201 | Downloadable software featuring information in the field of medical cannabis and herbal products. | 12/5/2015 | 9/20/2016 |

24.     Attached hereto as **Exhibits 3-5** are true and correct copies of Weedmaps's trademark registrations identified above for the WEEDMAPS™ Mark, which are hereby incorporated by reference.

25.     In 2008, long before Defendants' acts described herein, Weedmaps launched its website, bearing the now-famous WEEDMAPS™ Mark.  For example, an image of the Weedmaps website from 2008 appears below:

/ / /

/ / /





26.    True and correct examples of authorized goods and services bearing Weedmaps's WEEDMAPS™ Mark are shown below:

/ / /

/ / /

/ / /



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



27.     Weedmaps also owns trademarks for marks that incorporate its famous WM™ Mark, including for use in connection with computer services, These include the following U.S. Trademark Registration, referred to as the "WM™ Mark":

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|------|----------|----------------|-----------|-----------|
| WM | 4798449 | Downloadable software featuring information in the field of medical cannabis and herbal products.  Promoting the goods and services of others by providing a website featuring coupons, rebates, price-comparison information, product reviews, links to the websites of others, and discount information in the field of medical cannabis and herbal products; On-line cataloging of the goods of others in the field of medical cannabis and herbal products; electronic catalog services featuring herbal products; online services, namely, inventory monitoring and management for herbal products.  Providing on-line | 11/6/2014 | 8/25/2015 |

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|---|---|---|---|---|
| | | forums for transmission of messages among computer users concerning herbal products. | | |

28.    Attached hereto as **Exhibit 6** is a true and correct copy of Weedmaps's trademark registration identified above for the WM™ Mark, which is hereby incorporated by reference.

29.    In 2014, long before Defendants' acts described herein, Weedmaps launched its mobile applications, bearing the now-famous WM™ Mark.  For example, an image of the Weedmaps Android mobile application from 2014 appears below:

/ / /

/ / /

/ / /



Case No. 15:17-cv-5898
Complaint

30.     True and correct examples of authorized goods and services bearing Weedmaps's WM™ Mark are shown below:









31.     To broaden the brand recognition of the WEEDMAPS™ Mark and WM™ Mark, Weedmaps conducts extensive advertising with the WEEDMAPS™ Mark and WM™ Mark across the US and internationally, including online, in print media and in connection with various types of outdoor advertising campaigns, such as billboards and taxi cab tops and in-cab videos.  Weedmaps has spent substantial sums on its marketing budget and expenses, centered around the WEEDMAPS™ Mark and WM™ Mark.  The WEEDMAPS™ Mark and WM™ Mark are featured prominently on Weedmaps's website and mobile applications.

32.     As a result of Weedmaps's substantial use and promotion of its WEEDMAPS™ Mark and WM™ Mark, the marks have acquired great value as specific identifiers of Weedmaps's products and services and serve to identify and distinguish Weedmaps's WEEDMAPS™ and WM™ products and services from those of others. Customers in this Judicial District and elsewhere readily recognize Weedmaps's WEEDMAPS™ Mark and WM™ Mark as distinctive designations of the origin of Weedmaps's WEEDMAPS™ brand of products and services.  The WEEDMAPS™ Mark and WM™ Mark are intellectual property assets of significant value as a symbol of Weedmaps and its quality products, services, reputation, and goodwill.

/ / /

**D.     Confident Cannabis Unlawfully Acquired, Used, and/or Copied Weedmaps's API keys, Software API, and API Software Documentation**

33.     Weedmaps has not provided Confident Cannabis with any Weedmaps API key and has not authorized Confident Cannabis to obtain or use any Weedmaps API key.

34.     Confident Cannabis has misled Weedmaps cannabis testing laboratory clients by using false claims that Confident Cannabis is an integration partner of Weedmaps. Confident Cannabis made such claims after Weedmaps informed Confident Cannabis that Weedmaps was not interested in exploring any potential integration of the two companies' services.   Confident Cannabis has further misled those cannabis testing laboratories by instructing them to request from Weedmaps a Weedmaps API key and provide that Weedmaps API key to Confident Cannabis so that Confident Cannabis can provide purportedly authorized integration with Weedmaps.   Confident Cannabis knows that Weedmaps has not authorized any such integration.

35.     Upon information and belief, Confident Cannabis has acquired one or more Weedmaps API keys.

36.     Upon information and belief, Confident Cannabis has copied and used Weedmaps's API Software Documentation to create software that is derivative of at least Weedmaps's Software API, that software created and used by Confident Cannabis is hereafter referred to as the "Derivative Software."   The Derivative Software unlawfully copies and is derived from at least portions of Weedmaps's Software Documentation that describe how to create client-side software that is capable of interacting with Weedmaps's Software API, and those portions of Weedmaps's Software Documentation are derivative of Weedmaps's Software API.   Weedmaps's Software API and its Software Documentation are each protected by copyright.   Upon information and belief, Confident Cannabis has distributed and otherwise used that Derivative Software, for example by transmitting at least portions of it over the Internet when accessing Weedmaps's Software API.

37.     Upon information and belief, Confident Cannabis has copied and used one or more Weedmaps API keys and the Derivative Software in order to access the Weedmaps

Software API on the Weedmaps API computer system without authorization.  Through its unauthorized acquisition and use of one or more Weedmaps API keys, Confident Cannabis has circumvented the Weedmaps API authentication protections that control access to the Weedmaps Software API.

38.     For example, Confident Cannabis's website advertises that it provides its users the ability to "Post to WM," which Confident Cannabis describes as "Show your products quality on your WM listing with a click of a button," on Confident Cannabis's website at URL www.confidentcannabis.com/laboratories as shown for example here:



39.     Confident Cannabis is not authorized, endorsed, or sponsored by Weedmaps.

40.     Confident Cannabis is not authorized by Weedmaps to use the WEEDMAPS™ Mark.

41.     Confident Cannabis is not authorized by Weedmaps to use the WM™ Mark.

42.     Confident Cannabis is not authorized by Weedmaps to obtain, possess, copy, distribute, or use any Weedmaps API Key.

43.     Confident Cannabis is not authorized by Weedmaps to copy, distribute, or create or use any derivative works from any Weedmaps API Software Documentation.

44.     Confident Cannabis is not authorized by Weedmaps to obtain, possess, copy, distribute, or create or use any derivative works from or use Weedmaps's Software API.

45.     Confident Cannabis is not authorized by Weedmaps to access or use Weedmaps's API computer system.

46.     Confident Cannabis's website advertises that its computer systems access Weedmaps's API computer system using a Weedmaps API Key.  Upon information and belief, Confident Cannabis generates revenue by charging its users in connection with Confident Cannabis's access to Weedmaps's API computer system.  For example, Weedmaps advertises this on its website at URL www.confidentcannabis.com/laboratories as shown for example here:

/ / /

/ / /

/ / /



47.     Upon information and belief, Confident Cannabis charges its users "credits" for use of its "Post to WM" feature, and Confident Cannabis sells those "credits" to its users.

48.     Upon information and belief, Confident Cannabis has agreed to Weedmaps's Terms of Use, available at https://weedmaps.com/terms.   A true and correct copy of those Terms of Use, and Weedmaps's Privacy Policy referenced therein, are attached hereto as **Exhibit 7**.  By agreeing to those terms, Confident Cannabis agreed, *inter alia*, to (1) not breach or circumvent any laws, (2) not to upload, post, transmit, broadcast, transfer, or otherwise make available any User or Website Content that is inauthentic, counterfeit, or that

it does not have a right to make available under any law or under contractual or fiduciary relationships, (3) not to deceive or mislead other users of the Website or Services, (4) not to access the Website or Services in order to build a similar or competitive Website or Service, and (5) not to circumvent any technical measures Weedmaps uses to provide Services.

49.     Upon information and belief, Confident Cannabis has transmitted inauthentic laboratory test data to Weedmaps's Software API on the Weedmaps API computer system. Upon information and belief, that inauthentic laboratory test data has been displayed on Weedmaps's weedmaps.com website and/or Weedmaps's mobile applications.

50.     Upon information and belief, Confident Cannabis has used its unauthorized access to Weedmaps's Software API on the Weedmaps API computer system in order to gain new customers, increase its contacts with customers, improve its relationships with customers, and increase its revenues from customers.

51.     Upon information and belief, Confident Cannabis's actions have harmed Weedmaps, for example, through weakening Weedmaps' contacts and relationships with its clients who are also customers of Confident Cannabis, and for example, also as a result of the inauthentic laboratory test data that Confident Cannabis has transmitted to Weedmaps' Software API for display on weedmaps.com and Weedmaps's mobile applications.

**E.     Confident Cannabis Falsely Advertised Itself as having an Integration Relationship with Weedmaps, and Infringed Weedmaps's Trademarks**

52.     Confident Cannabis has advertised its services as being purportedly integrated with Weedmaps, and such advertisements have included the WEEDMAPS™ Mark and WM™ Mark.  Confident Cannabis has made at least some of those false advertisements after Weedmaps specifically informed Confident Cannabis that Weedmaps was not interested in becoming integration partners.

53.     Confident Cannabis's false and misleading advertisements using the WEEDMAPS™ Mark and WM™ Mark caused at least one entity to become a customer of Confident Cannabis's services.

/ / /

54.     Weedmaps has extensive internal and external controls that restrict and regulate who may access its Software API.  For example, Weedmaps's laboratory client onboarding team evaluates each potential laboratory client based on a number of factors to determine whether they are an acceptable laboratory client for onboarding and obtaining limited access to Weedmaps's Software API systems.  Weedmaps strives to maintain the highest degree of authenticity and reliability for the data appearing on the website and mobile applications in order to best serve its clients and consumers and further earn their trust. Entities with access to Weedmaps's API using an API key – which Weedmaps contractually restricts to approved laboratory clients only – provide Weedmaps with information that appears on the Weedmaps website and mobile applications.  The accuracy of that information therefore reflects upon the quality of the Weedmaps platform and becomes associated with Weedmaps, the WEEDMAPS™ Mark, and the WM™ Mark.  Weedmaps's evaluation of potential laboratory clients and Weedmaps's ongoing controls over access to its Software API are therefore extremely important to Weedmaps's business and brand.

55.     If Weedmaps determines that a potential laboratory client qualifies for Software API access, the laboratory client will proceed through Weedmaps's standard laboratory client onboarding process.  If the potential laboratory client agrees to Weedmaps's Lab Testing Agreement, then Weedmaps provides the laboratory client with Weedmaps's API Software Documentation and access to a testing environment, pursuant to that Agreement.  Through false claims and advertisements to Weedmaps's laboratory clients and dispensary clients, including falsely claiming that Confident Cannabis is an integration partner with Weedmaps, Confident Cannabis bypassed Weedmaps's security systems, verifications, and laboratory client onboarding processes and protocols in order to fraudulently obtain API keys and unauthorized access to the Software API.

**F.     Confident Cannabis induced the breach of Weedmaps's Lab Testing Agreement**

56.     Weedmaps has entered into its Lab Testing Agreement with its lab clients. That agreement requires that the labs, *inter alia*, comply with the procedures provided by Weedmaps in order to access the Weedmaps API computer system and post test results to the

Weedmaps Software API, and to maintain the confidentiality of Weedmaps's confidential information, which includes Weedmaps's API keys and API Software Documentation.

57.     Confident Cannabis has been aware of the Lab Testing Agreement between Weedmaps and its lab clients since at least November 10, 2016, when it received a copy of Weedmaps's standard Lab Testing Agreement document.

58.     Upon information and belief, Confident Cannabis induced one or more of the lab clients to breach the Lab Testing Agreement through Confident Cannabis's fraudulent claims that it is an integration partner with Weedmaps and encouraging such clients to provide their individual Weedmaps API keys.

## V.     FIRST CLAIM FOR RELIEF

### (Trade Secret Misappropriation Under Defense of

### Trade Secrets Act 18 U.S.C. §§ 1832 and 1836)

59.     Weedmaps hereby repeats, realleges, and incorporates by reference Paragraphs 1-58 of this Complaint as though fully set forth herein.

60.     This is a claim for trade secret misappropriation under the Defense of Trade Secrets Act, 18 U.S.C. §§ 1832 and 1836, *et seq.*

61.     Weedmaps's API keys are trade secrets under 18 U.S.C. § 1839 *et seq.*, namely they are valuable business, technical, and/or engineering information that Weedmaps has taken reasonable measures to keep secret, and that are not generally known to, and not readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information, and have independent economic value as a result.

62.     Weedmaps's API keys are trade secret intellectual property owned by Weedmaps and are related to Weedmaps's information and software services used in and intended for use in interstate and foreign commerce.

63.     Upon information and belief, Confident Cannabis has acquired and used at least one of Weedmaps's API keys without authorization.

/ / /

64.     Upon information and belief, Confident Cannabis is actively seeking to acquire additional Weedmaps API keys.

65.     Upon information and belief, Confident Cannabis is actively using at least one Weedmaps API key that it has acquired.

66.     Upon information and belief, Confident Cannabis has profited from its use of at least one Weedmaps API key, for example through charging its customers credits for its "Post to WM" feature that relies upon the unauthorized use of at least one Weedmaps API key.

67.     Upon information and belief, Weedmaps has been harmed by Confident Cannabis's acquisition and use of at least one Weedmaps API key, for example due to Confident Cannabis posting without authorization inauthentic laboratory test data to Weedmaps's Software API using at least one Weedmaps API key.

68.     Defendant Confident Cannabis, by its actions, has damaged Weedmaps in an amount to be determined at trial.

69.     Defendant Confident Cannabis, by its actions, has unlawfully profited in an amount to be determined at trial.

70.     Defendant Confident Cannabis, by its actions, has irreparably injured Weedmaps.  Such irreparable injury will continue unless Confident Cannabis is preliminarily and permanently enjoined by this Court from further violation of Weedmaps's rights, for which Weedmaps has no adequate remedy at law.

## VI.     SECOND CLAIM FOR RELIEF

### (Trade Secret Misappropriation Under Cal. Civ. Code § 3426)

71.     Weedmaps hereby repeats, realleges, and incorporates by reference Paragraphs 1-58 of this Complaint as though fully set forth herein.

72.     This is a claim for trade secret misappropriation under the Uniform Trade Secrets Act, Cal. Civ. Code §§ 3426, *et seq*.

73.     Weedmaps's API keys are trade secrets under Cal. Civ. Code § 3426, namely they are information that Weedmaps has taken reasonable measures to keep secret, and that

derive independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from their disclosure or use.

74.    Weedmaps's API keys are trade secret intellectual property owned by Weedmaps.

75.    Upon information and belief, Confident Cannabis has acquired and used at least one of Weedmaps's API keys without authorization.

76.    Upon information and belief, Confident Cannabis is actively seeking to acquire additional Weedmaps API keys.

77.    Upon information and belief, Confident Cannabis is actively using at least one Weedmaps API key that it has acquired.

78.    Upon information and belief, Confident Cannabis has profited from its use of at least one Weedmaps API key, for example through charging its customers credits for its "Post to WM" feature that relies upon the unauthorized use of at least one Weedmaps API key.

79.    Upon information and belief, Weedmaps has been harmed by Confident Cannabis's acquisition and use of at least one Weedmaps API key, for example due to Confident Cannabis posting without authorization inauthentic laboratory test data to Weedmaps's Software API using at least one Weedmaps API key.

80.    Defendant Confident Cannabis, by its actions, has damaged Weedmaps in an amount to be determined at trial.

81.    Defendant Confident Cannabis, by its actions, has unlawfully profited in an amount to be determined at trial.

82.    Defendant Confident Cannabis, by its actions, has irreparably injured Weedmaps.  Such irreparable injury will continue unless Confident Cannabis is preliminarily and permanently enjoined by this Court from further violation of Weedmaps's rights, for which Weedmaps has no adequate remedy at law.

/ / /

/ / /

# VII.   THIRD CLAIM FOR RELIEF

## (Copyright Infringement Under 17 U.S.C. § 501)

83. Weedmaps hereby repeats, realleges, and incorporates by reference Paragraphs 1-58 of this Complaint as though fully set forth herein.

84. This is a claim for copyright infringement under 17 U.S.C. § 501, *et seq*.

85. Weedmaps owns copyrights in the Software API and its API Software Documentation, each of which contain copyrightable subject matter under 17 U.S.C. §§ 101 *et seq.*, and Weedmaps has satisfied the registration requirement of § 411(a) through filing Copyright Applications, which are complete applications.

86. Weedmaps has complied in all respects with 17 U.S.C. §§ 102 *et seq.*, the statutory deposit and registration requirements thereof, and all of the laws governing federal copyrights, to secure the exclusive rights and privileges in and to the Software API and API Software Documentation.

87. Weedmaps is informed and believes, and on that basis alleges, that Defendant Confident Cannabis has willfully and deliberately infringed Weedmaps's copyrights in the Software API and API Software Documentation, for example by creating, copying, distributing, and otherwise using the Derivative Software, which is derived from Weedmaps's copyrighted and registered protected material in Weedmaps's Software API, for example as reflected in the API Software Documentation, and is also derived from Weedmaps' copyrighted and registered protected material in Weedmaps' API Software Documentation.

88. Weedmaps is informed and believes, and on that basis alleges, that Defendant Confident Cannabis has made profits by reason of its infringement of Weedmaps's copyrights in the Software API and the copyrights in the API Software Documentation.

89. As a direct consequence of Defendant Confident Cannabis's actions, Weedmaps has been damaged in an amount not presently ascertainable, and Weedmaps has suffered, and will continue to suffer, irreparable injury.  Such damage and irreparable injury will continue and will increase unless and until Defendant Confident Cannabis is enjoined from its wrongful acts.

90.     Defendant Confident Cannabis, by its actions, has damaged Weedmaps in an amount to be determined at trial.

91.     Defendant Confident Cannabis, by its actions, has unlawfully profited in an amount to be determined at trial.

92.     Defendant Confident Cannabis, by its actions, has irreparably injured Weedmaps.  Such irreparable injury will continue unless Confident Cannabis is preliminarily and permanently enjoined by this Court from further violation of Weedmaps's rights, for which Weedmaps has no adequate remedy at law.

## VIII.   FOURTH CLAIM FOR RELIEF

### (Circumvention of Copyright Protection Systems Under 17 U.S.C. § 1201)

93.     Weedmaps hereby repeats, realleges, and incorporates by reference Paragraphs 1-58 of this Complaint as though fully set forth herein.

94.     This is a claim for circumvention of copyright protection system under 17 U.S.C. § 1201, *et seq.*

95.     Weedmaps owns copyrights in the Software API, which is protected under Title 17 of the United States Code.

96.     Weedmaps's API authentication protections control access to the Weedmaps Software API by only providing such access to entities whose connection requests include a valid API key.

97.     Upon information and belief, Confident Cannabis fraudulently obtained one or more Weedmaps API keys and used those API keys in order to circumvent Weedmaps's API authentication protections and thereby gained access to Weedmaps's Software API.

98.     Defendant Confident Cannabis, by its actions, has damaged Weedmaps in an amount to be determined at trial.

99.     Defendant Confident Cannabis, by its actions, has unlawfully profited in an amount to be determined at trial.

100.    Defendant Confident Cannabis, by its actions, has irreparably injured Weedmaps.  Such irreparable injury will continue unless Confident Cannabis is preliminarily

and permanently enjoined by this Court from further violation of Weedmaps's rights, for which Weedmaps has no adequate remedy at law.

## IX.    FIFTH CLAIM FOR RELIEF

### (Computer Fraud and Abuse Under 18 U.S.C. § 1030)

101.    Weedmaps hereby repeats, realleges, and incorporates by reference Paragraphs 1-58 of this Complaint as though fully set forth herein.

102.    This is a claim for computer fraud and abuse under 18 U.S.C. § 1030, *et seq.*

103.    Upon information and belief, Confident Cannabis intentionally accessed the protected Weedmaps Software API on the protected Weedmaps API computer system, and Confident Cannabis did not have authorization for that access.  As a result of such conduct, Confident Cannabis has caused damage and loss to Weedmaps in an amount to be determined at trial.

104.    Upon information and belief, Confident Cannabis knowingly and with intent to defraud trafficked in one or more Weedmaps API keys through which the Weedmaps API computer system may be accessed without authorization.  Weedmaps provides information services to clients in numerous states in the United States, and also other countries, and Confident Cannabis's trafficking in one or more Weedmaps API keys affected that interstate and foreign commerce of Weedmaps's services.

105.    Defendant Confident Cannabis, by its actions, has damaged Weedmaps in an amount to be determined at trial.

106.    Defendant Confident Cannabis, by its actions, has unlawfully profited in an amount to be determined at trial.

107.    Defendant Confident Cannabis, by its actions, has irreparably injured Weedmaps.  Such irreparable injury will continue unless Confident Cannabis is preliminarily and permanently enjoined by this Court from further violation of Weedmaps's rights, for which Weedmaps has no adequate remedy at law.

/ / /

/ / /

# X.    SIXTH CLAIM FOR RELIEF

## (Unauthorized Computer Access Under Cal. Penal Code § 502)

108.    Weedmaps hereby repeats, realleges, and incorporates by reference Paragraphs 1-58 of this Complaint as though fully set forth herein.

109.    This is a civil claim for unauthorized computer access under Cal. Penal Code § 502, *et seq.*, including § 502(e)(1).

110.    Upon information and belief, Confident Cannabis knowingly accessed and without permission used the Weedmaps API computer system in order to devise or execute a scheme or artifice to defraud or deceive Weedmaps through falsely appearing to be an authorized user of the Weedmaps Software API, through exchanging information with the Weedmaps Software API on the Weedmaps API computer system without authorization, and through transmitting inauthentic information to the Weedmaps Software API on the Weedmaps API computer system for display on the weedmaps.com website and Weedmaps mobile applications, and that scheme was for the additional purpose of defrauding and deceiving laboratories to whom Confident Cannabis fraudulently represented itself as a Weedmaps integration partner.  Weedmaps owns or leases the affected computers, computer system, computer network, computer program, and/or data, and suffered damage and/or loss by reason of Confident Cannabis's violation described in this paragraph.

111.    Upon information and belief, Confident Cannabis knowingly accessed and without permission made use of data from the Weedmaps API computer system, including the results of commands that Confident Cannabis sent to the Weedmaps Software API.  Weedmaps owns or leases the affected computers, computer system, computer network, computer program, and/or data, and suffered damage and/or loss by reason of Confident Cannabis's violation described in this paragraph.

112.    Upon information and belief, Confident Cannabis used the Weedmaps Software API computer service knowingly and without permission.  Weedmaps owns or leases the affected computers, computer system, computer network, computer program,

and/or data, and suffered damage and/or loss by reason of Confident Cannabis's violation described in this paragraph.

113.    Upon information and belief, Confident Cannabis accessed the Weedmaps API computer system knowingly and without permission.  Weedmaps owns or leases the affected computers, computer system, computer network, computer program, and/or data, and suffered damage and/or loss by reason of Confident Cannabis's violation described in this paragraph.

114.    Upon information and belief, Defendant Confident Cannabis is in possession, custody, or control of one or more computers, computer systems, computer networks, software, and/or data that has been used to access any Weedmaps computer system without authorization.

115.    Defendant Confident Cannabis, by its actions, has damaged Weedmaps in an amount to be determined at trial.

116.    Defendant Confident Cannabis, by its actions, has unlawfully profited in an amount to be determined at trial.

117.    Defendant Confident Cannabis, by its actions, has irreparably injured Weedmaps.  Such irreparable injury will continue unless Confident Cannabis is preliminarily and permanently enjoined by this Court from further violation of Weedmaps's rights, for which Weedmaps has no adequate remedy at law.

## XI.    <u>SEVENTH CLAIM FOR RELIEF</u>

### (Trademark Infringement Under 15 U.S.C. § 1114)

118.    Weedmaps hereby repeats, realleges, and incorporates by reference Paragraphs 1-58 of this Complaint as though fully set forth herein.

119.    This is a claim for trademark infringement arising under 15 U.S.C. § 1114, *et seq.*

120.    Weedmaps owns valid and enforceable registered trademarks for its WEEDMAPS™ Mark and its WM™ Mark.

121.    Defendant Confident Cannabis has used in commerce, without permission from Weedmaps, a reproduction of one or more of Weedmaps's marks that are the subject of

one or more of Weedmaps's registrations for the WEEDMAPS™ Mark and the and WM™ Mark, in connection with the sale, offer for sale, distribution, or advertisement of Confident Cannabis's services.  Such use is likely to cause confusion or mistake, or to deceive.

122.    Defendant Confident Cannabis has reproduced the registered WEEDMAPS™ Mark and the registered and WM™ Mark in advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of its services on or in connection with which such use is likely to cause confusion or mistake, or to deceive.  Upon information and belief, examples of this use include Confident Cannabis's emails to cannabis laboratories.

123.    Upon information and belief, Defendant Confident Cannabis's activities complained of herein constitute willful and intentional infringements of Weedmaps's registered mark, and Defendant committed such acts with the intent to trade upon Weedmaps's reputation and goodwill by causing confusion and mistake among customers and the public and to deceive the public into believing that Confident Cannabis's services are associated with, sponsored by, originated from, or are approved by Weedmaps, when they are not.

124.    Defendant Confident Cannabis, by its actions, has damaged Weedmaps in an amount to be determined at trial.

125.    Defendant Confident Cannabis, by its actions, has unlawfully profited in an amount to be determined at trial.

126.    Defendant Confident Cannabis, by its actions, has irreparably injured Weedmaps.  Such irreparable injury will continue unless Confident Cannabis is preliminarily and permanently enjoined by this Court from further violation of Weedmaps's rights, for which Weedmaps has no adequate remedy at law.

## XII.    EIGHTH CLAIM FOR RELIEF

### (Trademark Infringement and False Designation of Origin Under 15 U.S.C. § 1125(a))

127.    Weedmaps hereby repeats, realleges, and incorporates by reference Paragraphs 1-58 of this Complaint as though fully set forth herein.

128.    This is a claim for trademark infringement and false designation of origin under 15 U.S.C. § 1125(a), *et seq.*

129.    As a result of the widespread use and promotion of Weedmaps's WEEDMAPS™ Mark and Weedmaps's WM™ Mark, the WEEDMAPS™ Mark and WM™ Mark have acquired strong secondary meaning to consumers and potential customers, in that consumers and potential customers have come to associate the WEEDMAPS™ Mark and WM™ Mark with Weedmaps.

130.    Defendant Confident Cannabis has infringed Weedmaps's WEEDMAPS™ Mark and WM™ Mark, and created a false designation of origin, by using in commerce, without Weedmaps's permission, the WEEDMAPS™ Mark and WM™ Mark, and a false designation of origin, false and misleading description of fact concerning purported integration, and false and misleading representation of fact concerning purported integration partnership between Weedmaps and Confident Cannabis.

131.    Defendant Confident Cannabis's actions described in this claim for relief are likely to cause confusion and mistake, or to deceive as to the affiliation, connection, or association of Weedmaps with Confident Cannabis, and/or as to the origin, sponsorship, or approval of Confident Cannabis with Weedmaps, or as to the origin, sponsorship, or approval of Confident Cannabis's services or commercial activities by Weedmaps, in violation of 15 U.S.C. § 1125(a).

132.    Defendant Confident Cannabis's actions described in this claim for relief have been in commercial advertising or promotion, and misrepresents the nature, characteristics, qualities, or geographic origin of Confident Cannabis's services, in further violation of 15 U.S.C. § 1125(a).

133.    Upon information and belief, Defendant Confident Cannabis committed the acts complained of herein with the intent to trade upon Weedmaps's reputation and goodwill by causing confusion and mistake among customers and the public and to deceive the public into believing that Confident Cannabis's services are associated with, sponsored by or approved by Weedmaps, when they are not.

134.    Upon information and belief Defendant Confident Cannabis had actual knowledge of Weedmaps's ownership and prior use of the WEEDMAPS™ Mark and WM™ Mark, and without the consent of Weedmaps, willfully violated 15 U.S.C. § 1125(a).

135.    Defendant Confident Cannabis, by its actions, has damaged Weedmaps in an amount to be determined at trial.

136.    Defendant Confident Cannabis, by its actions, has unlawfully profited in an amount to be determined at trial.

137.    Defendant Confident Cannabis, by its actions, has irreparably injured Weedmaps.  Such irreparable injury will continue unless Confident Cannabis is preliminarily and permanently enjoined by this Court from further violation of Weedmaps's rights, for which Weedmaps has no adequate remedy at law.

### XIII.   NINTH CLAIM FOR RELIEF

### (False Advertising Under Cal. Bus. & Prof. § 17500)

138.    Weedmaps hereby repeats, realleges, and incorporates by reference Paragraphs 1-58 of this Complaint as though fully set forth herein.

139.    This is a claim for false advertising under California Business and Professional Code § 17500, *et seq*.

140.    Defendant Confident Cannabis has, with the intent to perform services, made, disseminated, and caused to be disseminated from California statements over the Internet concerning its services, and concerning the circumstances and factual matters regarding those services, which are untrue and misleading at least due to purporting that the Confident Cannabis services are affiliated with an integration partnership between Confident Cannabis and Weedmaps, and Confident Cannabis made those misleading statements knowing that it is not actually an integration partner with Weedmaps.

141.    Defendant Confident Cannabis, by its actions, has damaged Weedmaps in an amount to be determined at trial.

142.    Defendant Confident Cannabis, by its actions, has unlawfully profited in an amount to be determined at trial.

143.    Defendant Confident Cannabis, by its actions, has irreparably injured Weedmaps.  Such irreparable injury will continue unless Confident Cannabis is preliminarily and permanently enjoined by this Court from further violation of Weedmaps's rights, for which Weedmaps has no adequate remedy at law.

## XIV.   TENTH CLAIM FOR RELIEF

### (Breach of Contract Under California Law)

144.    Weedmaps hereby repeats, realleges, and incorporates by reference Paragraphs 1-58 of this Complaint as though fully set forth herein.

145.    This is a claim for breach of contract under California common law.

146.    Upon information and belief, Defendant Confident Cannabis has agreed to the Weedmaps Terms of Use agreement, a copy of which is attached hereto as **Exhibit 7**, including also Weedmaps's Privacy Policy referenced therein.

147.    By agreeing to the Terms of Use, Confident Cannabis agreed, *inter alia*, to (1) not breach or circumvent any laws, (2) not to upload, post, transmit, broadcast, transfer, or otherwise make available any User or Website Content that is inauthentic, counterfeit, or that it does not have a right to make available under any law or under contractual or fiduciary relationships, (3) not to deceive or mislead other users of the Website or Services, (4) not to access the Website or Services in order to build a similar or competitive Website or Service, and (5) not to circumvent any technical measures Weedmaps uses to provide Services.

148.    Upon information and belief, Confident Cannabis breached the Weedmaps Terms of Use agreement by, *inter alia*, (1) breaching and circumventing laws as described in this Complaint, (2) uploading, posting, transmitting, transferring, or otherwise making available one or more Weedmaps API keys that are inauthentic, counterfeit, or that Confident Cannabis does not have the right to use, (3) deceiving and misleading Weedmaps laboratory clients by falsely claiming to be a Weedmaps integration partner and purporting that they are therefore authorized to receive Weedmaps API keys from those laboratory clients, (4) accessing the Weedmaps Software API service to build a similar or competitive service, and

(5) circumventing the Weedmaps API authentication protection technical measures that Weedmaps uses to provide its Software API service.

149.    For example, upon information and belief, Confident Cannabis has submitted inauthentic laboratory testing data to one or more Weedmaps's computer servers and Confident Cannabis was aware at the time that the laboratory testing data was inauthentic.

150.    Defendant Confident Cannabis, by its actions, has damaged Weedmaps in an amount to be determined at trial.

151.    Defendant Confident Cannabis, by its actions, has unlawfully profited in an amount to be determined at trial.

152.    Defendant Confident Cannabis, by its actions, has irreparably injured Weedmaps.  Such irreparable injury will continue unless Confident Cannabis is preliminarily and permanently enjoined by this Court from further violation of Weedmaps's rights, for which Weedmaps has no adequate remedy at law.

## XV.    ELEVENTH CLAIM FOR RELIEF

### (Induced Breach of Contract Under California Law)

153.    Weedmaps hereby repeats, realleges, and incorporates by reference Paragraphs 1-58 of this Complaint as though fully set forth herein.

154.    This is a claim for induced breach of contract under California common law.

155.    Weedmaps has entered into a Lab Testing Agreement with certain of its laboratory clients.  That agreement requires that the labs, *inter alia*, comply with the procedures provided by Weedmaps in order to access the Weedmaps API computer system and post test results to the Weedmaps Software API, and to maintain the confidentiality of Weedmaps's confidential information, which includes Weedmaps's API keys.

156.    Upon information and belief, Confident Cannabis knew of the Lab Testing Agreement between Weedmaps and the laboratory clients.

157.    Upon information and belief, Confident Cannabis intended to cause laboratories to breach the contract, for example by fraudulently representing to the

1  laboratories that it is a Weedmaps integration partner and is authorized to receive Weedmaps

2  confidential information including Weedmaps API keys.

3      158.   Upon   information   and   belief,   Confident   Cannabis's   fraudulent

4  misrepresentations to the laboratories caused one or more of them to provide one or more

5  Weedmaps API keys to Confident Cannabis, thereby breaching the Lab Testing Agreement.

6      159.   Defendant Confident Cannabis, by its actions, has damaged Weedmaps in an

7  amount to be determined at trial.

8      160.   Defendant Confident Cannabis, by its actions, has unlawfully profited in an

9  amount to be determined at trial.

10     161.   Defendant Confident Cannabis, by its actions, has irreparably injured

11  Weedmaps.  Such irreparable injury will continue unless Confident Cannabis is preliminarily

12  and permanently enjoined by this Court from further violation of Weedmaps's rights, for

13  which Weedmaps has no adequate remedy at law.

14              **XVI.   TWELFTH CLAIM FOR RELIEF**

15   **(Intentional Interference with Contractual Relations Under California Law)**

16     162.   Weedmaps hereby repeats, realleges, and incorporates by reference Paragraphs

17  1-58 of this Complaint as though fully set forth herein.

18     163.   This is a claim for intentional interference with contractual relations under

19  California common law.

20     164.   Weedmaps has entered into a Lab Testing Agreement with certain of its

21  laboratory clients.  That agreement provides for the laboratory clients to post test results to

22  the Weedmaps Software API in the manner designed and approved by Weedmaps.

23     165.   Upon information and belief, Defendant Confident Cannabis knew of the Lab

24  Testing Agreement between Weedmaps and its laboratory clients.

25     166.   Upon information and belief, Defendant Confident Cannabis fraudulently

26  misrepresented itself as an integration partner of Weedmaps in order to cause certain of

27  Weedmaps's laboratory clients to not use the process designed and approved by Weedmaps

28  for the laboratories to post test results to the Weedmaps Software API.  That conduct

prevented the performance by the laboratory clients under the Lab Testing Agreement and/or made performance more difficult.

167.    Upon information and belief, Defendant Confident Cannabis intended to disrupt performance of the Lab Testing Agreement, and/or knew that disruption of performance was certain or substantially certain to occur as a result of its actions.

168.    Defendant Confident Cannabis, by its actions, has damaged Weedmaps in an amount to be determined at trial.

169.    Defendant Confident Cannabis, by its actions, has unlawfully profited in an amount to be determined at trial.

170.    Defendant Confident Cannabis, by its actions, has irreparably injured Weedmaps.  Such irreparable injury will continue unless Confident Cannabis is preliminarily and permanently enjoined by this Court from further violation of Weedmaps's rights, for which Weedmaps has no adequate remedy at law.

## XVII.  THIRTEENTH CLAIM FOR RELIEF

### (California Common-Law Unfair Competition)

171.    Weedmaps hereby repeats, realleges, and incorporates by reference Paragraphs 1-58 of this Complaint as though fully set forth herein.

172.    This is a claim for unfair competition under California common law.

173.    Defendant Confident Cannabis's acts complained of herein constitute unfair competition under California common law.

174.    By virtue of the acts complained of in this Complaint, Defendant Confident Cannabis has, *inter alia*, (1) willfully misappropriated Weedmaps's trade secrets, (2) infringed Weedmaps's copyrights, (3) circumvented Weedmaps's copyright protection systems, (4) committed computer fraud and abuse, (5) committed acts of unauthorized computer access, (6) infringed upon Weedmaps's trademarks, (7) willfully and intentionally caused a likelihood of confusion among the purchasing public in this Judicial District and elsewhere, (8) falsely advertised itself as an integration partner of Weedmaps and its services as authorized for integration with Weedmaps's services, (9) fraudulently misrepresented itself

as an integration partner of Weedmaps, (10) breached its Terms of Use agreement with Weedmaps, (11) induced the breach of the Lab Testing Agreement, and (12) intentionally interfered with the Weedmaps's contractual relations related to the Lab Testing Agreement, and as a result of each and every of those actions has thereby unfairly competed with Weedmaps in violation of the common law of the state of California.

175.   Defendant Confident Cannabis, by its actions, has damaged Weedmaps in an amount to be determined at trial.

176.   Defendant Confident Cannabis, by its actions, has unlawfully profited in an amount to be determined at trial.

177.   Defendant Confident Cannabis, by its actions, has irreparably injured Weedmaps.  Such irreparable injury will continue unless Confident Cannabis is preliminarily and permanently enjoined by this Court from further violation of Weedmaps's rights, for which Weedmaps has no adequate remedy at law.

178.   Defendant Confident Cannabis's willful acts of unfair competition under California common law constitute fraud, oppression and malice.  Accordingly, Weedmaps is entitled to exemplary damages pursuant to Cal. Civ. Code Section § 3294(a).

## XVIII. FOURTEENTH CLAIM FOR RELIEF

### (California Statutory Unfair Competition Under Bus. & Prof. Code § 17200)

179.   Weedmaps hereby repeats, realleges, and incorporates by reference Paragraphs 1-58 of this Complaint as though fully set forth herein.

180.   This is a claim for unfair competition under California Business and Professions Code § 17200 *et seq*. and California common law.

181.   By virtue of the acts complained of in this Complaint, Defendant Confident Cannabis has, *inter alia*, (1) willfully misappropriated Weedmaps's trade secrets, (2) infringed Weedmaps's copyrights, (3) circumvented Weedmaps's copyright protection systems, (4) committed computer fraud and abuse, (5) committed acts of unauthorized computer access, (6) infringed upon Weedmaps's trademarks, (7) willfully and intentionally caused a likelihood of confusion among the purchasing public in this Judicial District and

elsewhere, (8) falsely advertised itself as an integration partner of Weedmaps and its services as authorized for integration with Weedmaps's services, (9) fraudulently misrepresented itself as an integration partner of Weedmaps, (10) breached its Terms of Use agreement with Weedmaps, (11) induced the breach of the Lab Testing Agreement, and (12) intentionally interfered with the Weedmaps's contractual relations related to the Lab Testing Agreement, and as a result of each and every of those actions has thereby unfairly competed with Weedmaps in violation of California Business and Professions Code § 17200, *et seq*. Confident Cannabis's acts constitute unlawful, unfair, malicious or fraudulent business practices.

182.   Defendant Confident Cannabis, by its actions, has damaged Weedmaps in an amount to be determined at trial.

183.   Defendant Confident Cannabis, by its actions, has unlawfully profited in an amount to be determined at trial.

184.   Defendant Confident Cannabis, by its actions, has irreparably injured Weedmaps.  Such irreparable injury will continue unless Confident Cannabis is preliminarily and permanently enjoined by this Court from further violation of Weedmaps's rights, for which Weedmaps has no adequate remedy at law.

## XIX.   **PRAYER FOR RELIEF**

WHEREFORE, Weedmaps prays for judgment against Defendant Confident Cannabis as follows:

A.   That the Court render a final judgment in favor of Weedmaps and against Defendant on all claims for relief alleged herein;

B.   That the Court render a final judgment that Defendant has violated the provisions of the Defense of Trade Secrets Act 18 U.S.C. §§ 1832 and 1836, by acquiring and/or using one or more Weedmaps API keys;

C.   That the Court render final judgment that Defendant has violated the provisions of the Uniform Trade Secrets Act, Cal. Civ. Code §§ 3426, *et seq.*, by acquiring and/or using one or more Weedmaps API keys;

D.     That the Court render a final judgment that Defendant has violated the provisions of 17 U.S.C. § 501 by using and distributing material constituting infringement of Weedmaps's copyrights in its Software API, for example the Derivative Software;

E.     That the Court render a final judgment that Defendant has violated the provisions of 17 U.S.C. § 501 by using and distributing material constituting infringement of Weedmaps's copyrights in its API Documentation, for example the Derivative Software;

F.     That the Court render a final judgment that Defendant has violated the provisions of 17 U.S.C. § 1201 by using one or more fraudulently obtained API keys to circumvent the Weedmaps API authentication protections that control access to the Weedmaps Software API;

G.     That the Court render a final judgment that Defendant has violated the provisions of 18 U.S.C. § 1030 by committing computer fraud and abuse in connection with the Weedmaps API computer system;

H.     That the Court render a final judgment that Defendant has civilly violated the provisions of Cal. Penal Code § 502 by committing unauthorized access to the Weedmaps API computer system;

I.     That the Court render a final judgment that Defendant has willfully violated the provisions of 15 U.S.C. § 1114 by infringing Weedmaps's trademark rights in one or more of the marks that are the subject of Weedmaps's U.S. trademark registrations;

J.     That the Court render a final judgment that Defendant has violated the provisions of 15 U.S.C. § 1125(a) by willfully infringing Weedmaps's WEEDMAPS™ Mark and by using a false designation of origin, false description or false representation through the advertising, promotion, sale, and offer for sale of Defendant's services;

K.     That the Court render a final judgment that Defendant has violated the provisions of 15 U.S.C. § 1125(a) by willfully infringing Weedmaps's WM™ Mark and by using a false designation of origin, false description or false representation through the advertising, promotion, sale, and offer for sale of Defendant's services;

/ / /

L.      That the Court render a final judgment that Defendant has violated the provisions of Cal. Bus. & Prof. § 17500 by falsely advertising itself and its services as an integration partner of Weedmaps;

M.      That the Court render a final judgment that Defendant has breached its Terms of Use agreement with Weedmaps, in violation of California law;

N.      That the Court render a final judgment that Defendant has induced the breach of the Lab Testing Agreement between Weedmaps and certain laboratory clients, in violation of California law;

O.      That the Court render a final judgment that Defendant has intentionally interfered with the Lab Testing Agreement between Weedmaps and certain laboratory clients, in violation of California law;

P.      That the Court render a final judgment that Defendant has unfairly competed with Weedmaps in violation of California common law;

Q.      That the Court render a final judgment that Defendant has unfairly competed with Weedmaps in violation of California Business and Professions Code § 17200, *et seq.*;

R.      That Defendant, its officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them who receive actual notice of the injunction by personal service or otherwise, be forthwith preliminarily and permanently enjoined from:

i.      using Weedmaps's trade secrets, copyrights, trademarks, or any other intellectual property in any manner without authorization from Weedmaps, including using any Weedmaps API key, using any Weedmaps API server, using any Weedmaps Software API, using Weedmaps's WEEDMAPS™ Mark in connection with Defendant's services, using the WEEDMAPS™ Mark in advertising or promoting Defendant's services, using confusingly similar variations of the WEEDMAPS™ Mark in any manner that is likely to create the impression that Defendant's products originate from Weedmaps, are endorsed by Weedmaps, or are connected in any way with Weedmaps, using Weedmaps's WM™ Mark in connection

with Defendant's services, using the WM™ Mark in advertising or promoting Defendant's services, and/or using confusingly similar variations of the WM™ Mark in any manner that is likely to create the impression that Defendant's products originate from Weedmaps, are endorsed by Weedmaps, or are connected in any way with Weedmaps;

ii.      manufacturing, distributing, shipping, importing, reproducing, displaying, advertising, marketing, promoting, transferring, selling, and/or offering to sell any services bearing Weedmaps's WEEDMAPS™ Mark, WM™ Mark, and/or any confusingly similar marks;

iii.      using, seeking, storing, or possessing any Weedmaps API key;

iv.      using, seeking, storing, creating, distributing, or possessing any software that infringes Weedmaps' copyrights, including the Derivative Software;

v.      otherwise infringing the WEEDMAPS™ Mark;

vi.      otherwise infringing the WM™ Mark;

vii.      falsely designating the origin of Defendant's services;

viii.      circumventing any Weedmaps copyright protection systems, including the Weedmaps API authentication protections;

ix.      fraudulently or abusively accessing any Weedmaps computer system;

x.      making any use of any Weedmaps server or service, in view of Confident Cannabis having breached the Terms of Use agreement;

xi.      inducing any breach of any Lab Testing Agreement involving Weedmaps, or intentionally interfering with any contractual relationship between Weedmaps and any third party related to a Lab Testing Agreement;

xii.      unfairly competing with Weedmaps in any manner whatsoever; and

xiii.      causing a likelihood of confusion or injury to Weedmaps's business reputation;

S.      That Defendant Confident Cannabis be directed to file with this Court and serve on Weedmaps within thirty (30) days after the service of the injunction, a report, in

writing, under oath, setting forth in detail the manner and form in which it has complied with the injunction pursuant to 15 U.S.C. § 1116;

T.    That Defendant Confident Cannabis be required to account to Weedmaps for any and all profits derived by Defendant and all damages sustained by Weedmaps by virtue of Defendant's acts complained of herein;

U.    That Defendant Confident Cannabis be ordered to pay over to Weedmaps all damages which Weedmaps has sustained as a consequence of the acts complained of herein, subject to proof at trial, together with prejudgment and post-judgment interest;

V.    That this case be deemed exceptional and the amount of the damages be trebled and that the amount of profits be increased by as many times as the Court deems appropriate, pursuant to 15 U.S.C. § 1117;

W.    That Weedmaps be awarded exemplary damages pursuant to Cal. Civ. Code. § 3294;

X.    That Defendant Confident Cannabis's actions be deemed willful;

Y.    That an award of reasonable costs, expenses, and attorneys' fees be awarded to Weedmaps pursuant to at least 15 U.S.C. § 1117;

Z.    That Defendant Confident Cannabis be required to deliver and destroy all services, products, software, devices, literature, advertising, goods and other materials bearing the logos and marks pursuant to 15 U.S.C. § 1118;

AA.    That Defendant Confident Cannabis be required to deliver to Weedmaps all copies of all materials containing Weedmaps's trade secrets, including any Weedmaps API key;

BB.    That Weedmaps be awarded restitution and disgorgement; and

CC.    That Weedmaps be awarded such other and further relief as this Court may deem just.

/ / /

/ / /

/ / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: October 13, 2017            By: */s/ Alan G. Laquer*
                                          Joseph F. Jennings
                                          Alan G. Laquer
                                          Jonathan A. Menkes

                                   Attorneys for Plaintiff,
                                   **GHOST MANAGEMENT GROUP, LLC**
                                   **d/b/a WEEDMAPS**

1

**<u>DEMAND FOR TRIAL BY JURY</u>**

2

        Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Weedmaps

3

hereby demands a trial by jury on all issues so triable.

4

5

                          KNOBBE, MARTENS, OLSON & BEAR, LLP

6

7

Dated: October 13, 2017        By: */s/ Alan G. Laquer*

8

                          Joseph F. Jennings
                          Alan G. Laquer

9

                          Jonathan A. Menkes

10

                          Attorneys for Plaintiff,
                          **GHOST MANAGEMENT GROUP, LLC**

11

                          **d/b/a WEEDMAPS**

12

26758944

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28